IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **NEIL ANAND,** | : | **CIVIL ACTION** |
| *Plaintiff,* | : | |
| | : | |
| v. | : | |
| | : | |
| **LORI ANN EHLINGER, et al.,** | : | |
| *Defendants.* | : | **NO.  24-cv-02366** |

<u>MEMORANDUM</u>

**KENNEY, J.**                                                                                             **JUNE 20, 2024**

## I.     INTRODUCTION

On May 24, 2024, Plaintiff Neil Anand filed a seventeen-count complaint *pro se* against Defendants Lori Ann Ehlinger, Stark and Stark, Tyler Tomlinson, Ian S. Abovitz, and Progressive Insurance Company. ECF No. 1. Each count appears to allege a state law claim,[1] *id.* at 20-36, and a box checked on the Civil Cover Sheet identifies diversity as the basis for jurisdiction, *id.* at 1. The Complaint alleges that Plaintiff Anand "liv[es] and resid[es]" in Pennsylvania, that Defendant Ehlinger lives in Pennsylvania, that Defendants Tomlinson and Abovitz are "Pennsylvania attorney[s]," and that Stark and Stark is "a Pennsylvania law firm." *Id.* at 2. Plaintiff also states that the basis for diversity jurisdiction is that "Plaintiffs (*sic*) and Progressive are citizens of different states." *Id.* at 3. Because Plaintiff appears to be a citizen of the same state as at least one Defendant (and likely more), diversity jurisdiction appears to be absent. The action will be dismissed unless Plaintiff can show that diversity jurisdiction is proper in this Court.

---

[1] The counts are: 1) declaratory judgment and injunctive relief, 2) breach of contract, 3) unjust enrichment, 4) quantum meruit, 5) fraudulent inducement and breach of fiduciary duty and duty of good faith and fair dealings (*sic*), 6) promissory estoppel, 7) breach of implied contract, 8) negligent misrepresentation and deceptive trade practices, 9) intentional and tortious interference with contractual relations, 10) defamation per se, 11) tortious interference with contract, prospective contracts, and business relations, 12) fraud under Pennsylvania law, 13) commercial disparagement, 14) liability for breach of fiduciary duty, 15) trade libel, 16) prima facie tort, and 17) intentional infliction of emotional distress. ECF No. 1 at 20-36.

## II.     ANALYSIS

A federal court has the obligation to address a question of subject matter jurisdiction *sua sponte*. *See Employers Ins. of Wausau v. Crown Cork & Seal Co., Inc.*, 905 F.2d 42, 45, 47 (3d Cir. 1990). Accordingly, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). The federal courts have original jurisdiction over cases between "citizens of different states." 28 U.S.C. § 1332(a)(1). However, "[i]n order to sustain federal jurisdiction based on diversity, all of the parties on one side of the controversy must be citizens of different states from all the parties on [the] other side." *Enza, Inc. v. We The People, Inc.*, 838 F. Supp. 975, 977 (E.D. Pa. 1993) (citing *Employers*, 905 F.2d at 45). The party asserting federal jurisdiction bears the burden of establishing its existence. *See Harris-Sawyer v. PRRC, Inc.*, No. 18-cv-4682, 2018 WL 5777303, at *1 (E.D. Pa. Nov. 2, 2018) (quoting *Lincoln Benefit Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015)).

Plaintiff filed the Complaint *pro se*. "A document filed *pro se* is to be liberally construed" and "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal citation and quotation marks omitted). Nevertheless, *pro se* litigants "cannot flout procedural rules — they must abide by the same rules that apply to all other litigants." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citing *McNeil v. United States*, 508 U.S. 106, 113 (1993)).

Based on Plaintiff's Complaint, he appears to be a citizen of Pennsylvania, as do Defendants Ehlinger, Tomlinson, Abovitz, and Stark and Stark.[2] ECF No. 1 at 2. If even one of

---

[2] Although Plaintiff describes Defendant Stark and Stark as "a Pennsylvania law firm," ECF No. 1 at 2, he has failed to properly allege Stark and Stark's principal place of business and place of incorporation as is required to properly plead Stark and Stark's citizenship. *See Dalgic v. Misericordia Univ.*, No. 16-cv-443, 2016 WL 1076937, at *2 (M.D. Pa. Mar. 18, 2016) (citation omitted); *see also S. Freedman and Co., Inc. v. Raab*, 180 F. App'x 316, 320 (3d Cir. 2006).

the Defendants is a citizen of Pennsylvania, the case must be dismissed. However, the Third Circuit has "repeatedly held that a district court has an obligation to provide the parties with notice and an opportunity to be heard before dismissing a case for lack of jurisdiction." *S. Freedman and Co., Inc. v. Raab*, 180 F. App'x 316, 321 n.1 (3d Cir. 2006) (citing *Neiderhiser v. Borough of Berwick*, 840 F.2d 213, 216 n.6 (3d Cir. 1988)). Therefore, the above-captioned case will be dismissed pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure unless Plaintiff files an amended complaint sufficiently alleging that this Court has diversity jurisdiction within twenty-one days.

### III. CONCLUSION

The above-captioned case was filed in this Court based on diversity jurisdiction. But Plaintiff does not appear to have established complete diversity with all Defendants. Therefore, the action will be dismissed if Plaintiff is unable to demonstrate, through the filing of an amended complaint within twenty-one days, that this Court has subject matter jurisdiction. An appropriate Order will follow.

BY THE COURT:

/s/ Chad F. Kenney

_____

**CHAD F. KENNEY, JUDGE**