IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **NEIL ANAND,** | : | **CIVIL ACTION** |
| *Plaintiff,* | : | |
| | : | |
| v. | : | |
| | : | |
| **LORI ANN EHLINGER, et al.,** | : | |
| *Defendants.* | : | NO.  24-cv-02366 |

**MEMORANDUM**

**KENNEY, J.**                                                                                   **SEPTEMBER 16, 2024**

## I.    INTRODUCTION

On May 24, 2024, Plaintiff Neil Anand filed a seventeen-count complaint *pro se* against Defendants Lori Ann Ehlinger, Stark and Stark, Tyler Tomlinson, Ian S. Abovitz, and Progressive Insurance Company. ECF No. 1. Each count appeared to allege a state law claim, *id.* at 20-36, and a box checked on the Civil Cover Sheet identified diversity as the basis for jurisdiction, *id.* at 1. The Complaint alleged that Plaintiff Anand "liv[es] and resid[es]" in Pennsylvania, that Defendant Ehlinger lives in Pennsylvania, that Defendants Tomlinson and Abovitz are "Pennsylvania attorney[s]," and that Stark and Stark is "a Pennsylvania law firm." *Id.* at 2. Plaintiff also stated that the basis for diversity jurisdiction is that "Plaintiffs (*sic*) and Progressive are citizens of different states." *Id.* at 3.

Upon review of the complaint, the Court determined that it plainly lacked subject matter jurisdiction to hear the case, and that the case would be dismissed unless Plaintiff filed an amended complaint that properly set out the basis for subject matter jurisdiction. ECF Nos. 5, 6.

Plaintiff subsequently filed an Amended Complaint on July 11, 2024. ECF No. 7. The Amended Complaint reiterates that both Plaintiff and Defendant Lori Ann Ehlinger are citizens of Pennsylvania. *Id.* at 2. The Amended Complaint revises the citizenship of some of the other

Defendants, stating that Tyler Tomlinson and Ian Abovitz are "Pennsylvania and New Jersey attorney[s]" (rather than Pennsylvania attorneys), and that Stark and Stark has its "principal place of business and place of incorporation . . . in the state of New Jersey" rather than Pennsylvania. ECF No. 7 at 2. However, because Defendant Ehlinger is still a citizen of Pennsylvania, these changes are immaterial. As an alternative basis for jurisdiction, the Amended Complaint refers to the interpleader statute, which requires only "minimal diversity." *Id.* citing 28 U.S.C. § 1335.

## II.    ANALYSIS

The Court has the obligation to address a question of subject matter jurisdiction sua sponte. *See Employers Ins. of Wausau v. Crown Cork & Seal Co., Inc.*, 905 F.2d 42, 45, 47 (3d Cir. 1990); *see also Chadda v. Mullins*, 430 F. App'x 192, 193 (3d Cir. 2011) (dismissing complaint sua sponte for lack of subject matter jurisdiction). Accordingly, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

The federal courts have original jurisdiction over cases between "citizens of different states." 28 U.S.C. § 1332(a)(1). However, "[i]n order to sustain federal jurisdiction based on diversity, all of the parties on one side of the controversy must be citizens of different states from all the parties on [the] other side." *Enza, Inc. v. We The People, Inc.*, 838 F. Supp. 975, 977 (E.D. Pa. 1993) (citing *Employers*, 905 F.2d at 45). The party asserting federal jurisdiction bears the burden of establishing its existence. *See Harris-Sawyer v. PRRC, Inc.*, No. 18-cv-4682, 2018 WL 5777303, at *1 (E.D. Pa. Nov. 2, 2018) (quoting *Lincoln Benefit Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015)).

Since the Plaintiff filed the Complaint *pro se*, the document is construed liberally and not held to the same stringent standards as if it were drafted by a lawyer. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). But pro se litigants "cannot flout procedural rules — they must abide by the same

rules that apply to all other litigants." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (*citing McNeil v. United States*, 508 U.S. 106, 113 (1993)).

Plaintiff's Amended Complaint still states that both he and Defendant Ehlinger are citizens of Pennsylvania. ECF No. 7 at 2. If even one of the Defendants is a citizen of Pennsylvania, the case must be dismissed. The Third Circuit has "repeatedly held that a district court has an obligation to provide the parties with notice and an opportunity to be heard before dismissing a case for lack of jurisdiction." *S. Freedman and Co., Inc. v. Raab*, 180 F. App'x 316, 321 n.1 (3d Cir. 2006) (*citing Neiderhiser v. Borough of Berwick*, 840 F.2d 213, 216 n.6 (3d Cir. 1988)). Accordingly, this Court gave Anand an opportunity to amend his complaint in order to determine whether subject matter jurisdiction existed. Since both Plaintiff and Defendant Ehlinger are citizens of Pennsylvania, this Court lacks subject matter jurisdiction and must dismiss the case.

Nevertheless, Plaintiff seeks to keep the case in federal court on the basis that the interpleader statute only requires minimal diversity, which is present here. *See* ECF No. 7 at 2, citing 28 U.S.C. § 1335. However, Plaintiff fails to make any actual interpleader claim in his Amended Complaint. An interpleader action is a narrow, technical avenue for "a person holding property to join in a single suit two or more persons asserting claims to that property." *NYLife Distrib., Inc. v. Adherence Group, Inc.*, 72 F.3d 371, 372 n.1 (3d Cir. 1995). Such an action is filed by a plaintiff who "admits [he] is liable to one of the claimants, but fears the prospect of multiple liability." *Met. Life Ins. Co. v. Price*, 501 F.3d 271, 275 (3d Cir. 2007). A plaintiff facing that particular situation would file an interpleader action, which allows them to "deposit the property with the court and withdraw from the proceedings," leaving "[t]he competing claimants . . . to litigate between themselves." *Id*. As a "jurisdictional prerequisite to bringing an interpleader" action, the plaintiff "must deposit [in the court registry] the largest amount for which [he] may be

3

liable in view of the subject matter of the controversy." *U.S. Fire Ins. Co. v. Abestospray, Inc.*, 182 F.3d 201, 210 (3d Cir. 1999) (citing 28 U.S.C. § 1335(a)(2)).

The entirety of Plaintiff's Amended Complaint belies the proposition that this is an interpleader action. Nowhere in the Amended Complaint does Plaintiff indicate that he is liable to a claimant for a sum of money, nor does he identify any such sum of money. He evinces no intention of depositing any such funds in the court registry. Finally, Plaintiff provides no indication that he seeks to withdraw from the litigation after identifying the competing claimants, which is a prerequisite for jurisdiction in an interpleader action. Instead, the two counts that discuss the interpleader action, fraud and trade libel, clearly display Plaintiff's intent to pursue those claims for damages, just like the other fifteen counts.

### III. CONCLUSION

The Plaintiff has not established complete diversity with all Defendants even after amending his complaint. Nor is there any way that this case can be properly characterized as an interpleader action. Since the Court lacks subject matter jurisdiction after providing Plaintiff an opportunity to cure the deficiencies in the initial Complaint, the case must be dismissed without prejudice. *See Warren v. Gantman*, 800 F. App'x 86, 88 (3d Cir. 2020) ("[W]hen a district court dismisses an action for lack of subject matter jurisdiction, the dismissal should be without prejudice."). An appropriate Order will follow.

BY THE COURT:

/s/ Chad F. Kenney

**CHAD F. KENNEY, JUDGE**